

COMMONWEALTH OF PENNSYLVANIA
OFFICE OF ATTORNEY GENERAL

JOSH SHAPIRO
ATTORNEY GENERAL

August 31, 2020

Civil Litigation Section
1000 Madison Avenue, Suite 310
Norristown, PA 19403
Telephone:  610.631.6205
nditomo@attorneygeneral.gov

District Judge John E. Jones, III
U.S. District Court for the Middle District of PA
228 Walnut Street, P.O. Box 983
Harrisburg, PA 17010

      Re:    *Antoine Walker v. Studlack*, Case No. 1:17-cv-2371
             Status Report Concerning Motion to Stay

Dear Judge Jones:

      As requested by the August 26, 2020 Order (Doc. 83), Defendant Studlack, through counsel, hereby files a status report concerning the procedural posture of the criminal matter of *Commonwealth v. Antoine Walker*, Docket Number CP-49-CR-0000303-2018.

      In light of Mr. Walker's correspondence to the Court, counsel for Defendant Studlack recently corresponded with Julia Skinner, First Assistant District Attorney of Northumberland County, who is handling the referenced criminal action. Counsel was informed that on July 27, 2020, Mr. Walker plead no contest to one count of aggravated assault. It does not appear that the lower court's docket sheets currently reflect that same information; however, Mr. Walker appears to confirm the same in his July 30, 2020 letter. (*See* Doc. 81).

      Currently, Mr. Walker's motion for summary judgment and supporting materials are pending before the Court. (*See* Docs. 54-57). These materials were obviously filed prior to Mr. Walker's plea and rely on "facts" that are no longer supported. For example, Mr. Walker has asserted as part of his excessive force claim that he was not aggressive; that Officer Studlack acted without justification and punched Mr. Walker without provocation; and that Mr. Walker never struck Officer Studlack. (*See e.g.,* Doc. 1 ¶¶ 10-13, 25; *see also* Doc. 55 ¶¶ 1, 5; Doc. 63 ¶¶ 3, 8).

      While an excessive-force claim against an officer is not necessarily inconsistent with a plea of no contest for assaulting the officer, the court may be required to strike allegations, such

as the ones identified above, that would be inconsistent with a plea of no contest; or bar the claim in its entirety because the theory presented is inconsistent with the conviction or plea. *See Heck v. Humphrey*, 512 U.S. 477 (1994).

Based upon the representations made by the Northumberland County First Assistant and Mr. Walker, Defendant Studlack agrees that the stay of this proceeding may now be lifted. Defendant Studlack, if permitted, is ready to respond to Mr. Walker's pending motion for summary judgment, unless the Court orders otherwise. As noted in prior status reports, discovery between the parties is complete and the stay was only put in place prior to any request to dispose of any claims.

Thank you for your time and consideration with this matter. Counsel is available if a conference call is necessary to discuss this matter further.

Sincerely,

*/s/ Nicole R. DiTomo*

Nicole R. DiTomo
Deputy Attorney General


cc via hand delivery:   Antoine Walker, KG7791
                                   SCI Greene
                                   *Pro Se Plaintiff*