## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANTOINE WALKER,** | : | **Civil No. 1:17-CV-2371** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **(Magistrate Judge Carlson)** |
| | : | |
| **C.O. STUDLACK,** | : | |
| | : | |
| **Defendant.** | : | |

## MEMORANDUM OPINION AND ORDER

### I.   Factual Background

This case is a prisoner civil rights lawsuit brought by Antoine Walker against the defendant, Correctional Officer Ralph Studlack. In his complaint, Walker alleges that Studlack violated his Eighth Amendment right to be free from cruel and unusual punishment when he indulged in the use of excessive force against Walker during a September 26, 2017 encounter between this inmate and correctional officer at SCI Coal Township. In the wake of this encounter, Walker was charged with assault, and entered a plea of *nolo contendere* to this charge. As a result of this no contest plea, Walker now stands convicted of aggravated assault because of this incident.

However, even as Walker was a defendant in this state criminal case, he also was a plaintiff in federal court pursuing this excessive force claim against

Correctional Officer Studlack. This Eighth Amendment claim is now scheduled for trial in February of 2022, and in anticipation of this trial, the parties have filed competing motions *in limine* seeking a pretrial ruling regarding how the court will address Walker's state court *nolo contendere* plea and conviction on assault charges arising out of this episode in this related civil lawsuit. (Docs. 117, 125).

For his part, Walker urges us to exclude any substantive evidence relating to this *nolo contendere* plea from the trial of this case and also invites us to prohibit the defendant from attempting to impeach him with the fact of this prior conviction. (Doc. 117). According to Walker, complete exclusion of this evidence either as substantive proof or for impeachment purposes is necessary to avoid undue prejudice to the plaintiff.

Defendant Studlack, in turn, seems to concede that he may not introduce this no contest plea conviction as substantive evidence at trial, but argues that he should still be permitted to impeach Walker with the fact of this prior conviction. On this score, Studlack argues that a total prohibition on impeachment in this manner would deny the defense the opportunity to fully explore crucial matters of credibility at trial.

With the parties' contrasting position framed in this fashion, as discussed below, these motions *in limine* will be granted, in part, denied, in part, and deferred

in part as follows: The defense will not be permitted to introduce this no contest plea conviction as substantive evidence at trial. However, we will deny any request to totally preclude the defense from using this conviction for impeachment purposes. Instead, we will defer a ruling on the use of the conviction for impeachment purposes until trial, when we can make an evaluation of the probative value and prejudicial effect of any such impeachment on a fully developed factual record.

## II.  Discussion

### A. General Principles Guiding Motion in Limine Practice

The Court is vested with broad inherent authority to manage its cases, which carries with it the discretion and authority to rule on motions *in limine* prior to trial. See Luce v. United States, 469 U.S. 38, 41 n.4 (1984); In re Japanese Elec. Prods. Antitrust Litig., 723 F.2d 238, 260 (3d Cir. 1983), rev'd on other grounds sub nom., Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986) (the court exercises its discretion to rule *in limine* on evidentiary issues "in appropriate cases"). Courts may exercise this discretion in order to ensure that juries are not exposed to unfairly prejudicial, confusing or irrelevant evidence.   United States v. Romano, 849 F.2d 812, 815 (3d Cir. 1988).   Courts may also do so in order to "narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." Bradley v. Pittsburgh Bd. of Educ., 913 F.2d 1064, 1069 (3d Cir. 1990) (citation

omitted). However, courts should be careful before doing so.

Legally, there are several different bases for motions *in limine*. First, such motions may be filed when it is alleged that evidence is going to be offered is irrelevant and inadmissible under the Federal Rules of Evidence. In addition, some motions *in limine* acknowledge the potential relevance and admissibility of certain evidence, but seek the exclusion of the evidence because its prejudicial impact substantially outweighs any probative value the proof might have.

In considering motions *in limine*, which call upon the Court to engage in preliminary evidentiary rulings, we begin by recognizing that these "evidentiary rulings [on motions *in limine*] are subject to the trial judge's discretion and are therefore reviewed only for abuse of discretion . . . Additionally, application of the balancing test under Federal Rule of Evidence 403 will not be disturbed unless it is 'arbitrary and irrational.'" Abrams v. Lightolier Inc. 50 F.3d 1204, 1213 (3d Cir. 1995) (citations omitted); see Bernardsville Bd. of Educ. v. J.H., 42 F.3d 149, 161 (3d Cir. 1994) (reviewing *in limine* rulings for abuse of discretion). Yet, while these decisions regarding the exclusion of evidence rest in the sound discretion of the district court, and will not be disturbed absent an abuse of that discretion, the exercise of that discretion is guided by certain basic principles.

One of the key guiding principles is reflected in the philosophy which shapes

the rules of evidence. The Federal Rules of Evidence can aptly be characterized as evidentiary rules of inclusion, which are designed to broadly permit fact-finders to consider pertinent factual information while searching for the truth. The inclusionary quality of the rules is embodied in three cardinal concepts. The first of these concepts is Rule 401's definition of relevant evidence. Rule 401 defines what is relevant in an expansive fashion, stating:

> "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

Fed. R. Evid. 401.

Adopting this view of relevance, it has been held that "[u]nder [Rule] 401, evidence is relevant if it has 'any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.' [Therefore] '[i]t follows that evidence is irrelevant only when it has no tendency to prove the fact. Thus the rule, while giving judges great freedom to admit evidence, diminishes substantially their authority to exclude evidence as irrelevant.'" Frank v. County of Hudson, 924 F.Supp. 620, 626 (D.N.J. 1996) (citing Spain v. Gallegos, 26 F.3d 439, 452 (3d Cir.1994)) (quotations omitted).

This quality of inclusion embraced by the Federal Rules of Evidence is further buttressed by Rule 402, which generally defines the admissibility of relevant evidence in sweeping terms, providing that:

> All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible.

Fed. R. Evid. 402.

Thus, Rule 402 expressly provides that all "[r]elevant evidence will be admissible unless the rules of evidence provide to the contrary." United States v. Sriyuth, 98 F.3d 739, 745 (3d Cir.1996) (citations omitted). These principles favoring inclusion of evidence are, however, tempered by specific rules which deem certain classes of evidence inadmissible. For example, when considering the admissibility of *nolo contendere* pleas, Rule 410 of the Federal Rules of Evidence clearly provides as follows:

> **(a) Prohibited Uses.** In a civil or criminal case, evidence of the following is not admissible against the defendant who made the plea or participated in the plea discussions:
> **. . . .**
> **(2)** a nolo contendere plea;

Fed. R. Evid. 410.

In addition beyond these threshold considerations of relevance and

admissibility, Rule 403 of the Federal Rules of Evidence provides for the exclusion of some potentially irrelevant but highly prejudicial evidence, stating that:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Fed. R. Evid. 403.

By permitting the exclusion of relevant evidence only when its probative value is "substantially outweighed" by other prejudicial factors, Rule 403 underscores the principle that, while evidentiary rulings rest in the sound discretion of the court, that discretion should consistently be exercised in a fashion which favors the admission of relevant proof unless the relevance of that proof is substantially outweighed by some other factors which caution against admission.

Finally, while we possess the discretion to make such pretrial evidentiary rulings, we are reminded that we should often exercise caution in this field. In this regard, we recognize that:

> Parties frequently invite courts to make pre-trial rulings on issues of prejudice, relevance and admissibility through motions *in limine.* The United States Court of Appeals for the Third Circuit has cautioned us, however, that "pretrial [rulings regarding evidentiary] exclusions should rarely be granted.... Excluding evidence as being more prejudicial than probative at the pretrial stage is an extreme measure that is rarely necessary, because no harm is done by admitting it at that stage." In re Paoli R. Yard PCB Litig., 916 F.2d 829, 859 (3d Cir. 1990); see also Spain v. Gallegos, 26 F.3d 439, 453 (3d

Cir. 1994) (noting that the Third Circuit's "cautious approach to Rule 403 exclusions at the pretrial stage...."). Moreover, the Third Circuit has characterized Rule 403, the rule permitting exclusion of evidence, as a "trial-oriented rule" and has warned that "[p]recipitous Rule 403 determinations, before the challenging party has had an opportunity to develop the record, are ... unfair and improper." In re Paoli R. Yard PCB Litig., 916 F.2d at 859.

Keiser v. Borough of Carlisle, No. 1:15-CV-450, 2017 WL 4053686, at *2 (M.D. Pa. Sept. 13, 2017).

Judged against these benchmarks we turn to a consideration of the parties' competing motions *in limine*.

**B.** **The Defendants May Not Introduce Proof of Walker's Assault Conviction as Substantive Evidence, But We Will Defer Ruling Upon Whether that Conviction May Be Used to Impeach the Plaintiff**

Two related legal issues are framed by these motions *in limine*: First, may the defense in this excessive force case introduce Walker's aggravated assault no contest plea conviction as substantive evidence; and, second, if this *nolo contendere* plea is not admissible as substantive evidence may this conviction still be used to impeach the plaintiff if he testifies at trial?

As to the first of these two questions, the issue of the substantive use of the conviction at trial, the answer is clear. By its terms, Rule 410 prohibits such use of a *nolo contendere* plea as substantive evidence, stating in clear and precise terms that, "[i]n a civil or criminal case, evidence of the following is not admissible against the

8

defendant who made the plea or participated in the plea discussions: . . . a nolo contendere plea." Fed. R. Evid. 410(a)(2).

Indeed, in the context of a prisoner's constitutional excessive force claims, the Court of Appeals has expressly held that the prisoner-plaintiff's *nolo contendere* plea conviction to assault charges arising out of any alleged excessive force incident is not admissible as substantive evidence. Sharif v. Picone, 740 F.3d 263, 270 (3d Cir. 2014). In reaching this result, the Court of Appeals in Sharif emphasized the clear command of Rule 410, and also noted its own prior precedents, which have made it clear that there is no inherent legal contradiction between a prisoner's *nolo contendere* plea to assault charges arising out of an affray with the authorities and a claim that excessive force was used against that prisoner in the course of this affray. Id. at 270 (citing Nelson v. Jashurek, 109 F.3d 142, 145–46 (3d Cir.1997) ("[T]here undoubtedly could be substantial force which is objectively reasonable and substantial force which is excessive and unreasonable.") (internal quotation marks omitted)); Thomas v. Roach, 165 F.3d 137, 144 (2d Cir.1999) (plaintiff's § 1983 claim predicated on excessive force during his arrest is not barred by his *nolo contendere* plea to the offense for which he was arrested). Accordingly, given the plain language of Rule 410 and the teachings of the appellate court in Sharif, the

defendant will not be permitted to introduce Walker's *nolo contendere* plea to assault charges as substantive evidence in this trial of this excessive force claim.

Indeed, we note that the defense concedes as much in their filings, stating that they do not intend to make substantive use of this conviction at trial, but arguing that the defense should nonetheless be permitted to impeach Walker with the fact of this conviction in the event that he testifies as trial.

In <u>Sharif</u> the Court of Appeals also provided us with some guidance regarding the precise issue confronting us here; namely, how we should assess whether to permit the use of a prisoner-plaintiff's no contest plea assault conviction to impeach the prisoner at an excessive force claim trial arising out of the same set of facts which led to the assault prosecution. As the appellate court aptly observed:

> Rule 609 governs when prior convictions can be admitted to attack a witness's character for truthfulness. Rule 609 reads in pertinent part:
>
> > (a) In General. The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction: (1) for a crime that ... was punishable by death or by imprisonment for more than one year, the evidence: (A) must be admitted, *subject to Rule 403,* in a civil case or in a criminal case in which the witness is not a defendant.
>
> Fed.R.Evid. 609(a)(1)(A) (emphasis added).
>
> Since Rule 609 is subject to Rule 403, courts must consider whether the probative value of a prior conviction is substantially outweighed by the prejudicial effect of admitting the conviction. <u>See</u> Fed.R.Evid. 403. In

doing so, we have directed that four factors should be weighed against the potential for prejudice in admitting a conviction: (1) the nature of the conviction; (2) the time elapsed since the conviction; (3) the importance of the witness's testimony to the case; and (4) the importance of credibility to the claim at hand. United States v. Greenidge, 495 F.3d 85, 97 (3d Cir. 2007) (citing Gov't of the Virgin Islands v. Bedford, 671 F.2d 758, 761 n. 4 (3d Cir.1982)).

Sharif, 740 F.3d at 272.

Applying these Greenidge factors, the Court of Appeals held that, in this factual setting, the first of these factors—the nature of the conviction—weighed heavily in favor of exclusion of this conviction for impeachment purposes. The Court noted that, while prior violent crime convictions are not automatically excluded as grounds for impeachment, the use of such convictions for impeachment purposes:

> [D]oes require a district court to be diligent in considering the nature of the conviction and its relationship to the issues at trial, and in explaining its reasons for admission under Rule 403. This is particularly true in a case where the nature of the conviction is so closely related to the issue at trial. Not only was the trial about violent conduct, [the plaintiff's] 2009 aggravated assault conviction was for the *very incident* at the center of his civil claim. It was not simply similar to the issue at hand, it *was* the issue at hand.

Id. at 273.

The appellate court further found that the second Greenidge factor, the timeliness of the conviction, was essentially neutral and added little weight to the

11

evidentiary assessment that the court must make. However, as to the final two

Greenidge considerations, the Court of Appeals explained that:

> The final two Greenidge factors, the importance of the witness's
> testimony and the importance of credibility to the claim at hand,
> overlap. [The plaintiff's] testimony was very important as he was his
> only witness, and for that very reason, his credibility was also crucial to
> his claim. . . . In assessing all of these factors we cannot help but
> conclude that the probative value of [the plaintiff's] assault conviction
> was minimal. Even though his credibility was the key factor in the case,
> this . . . assault conviction added little on top of the [other convictions]
> the jury were already made aware of.

> Balancing the limited probative value against the potential for
> prejudice, we conclude that the . . . assault conviction should not have
> been admitted. The primary concern regarding prejudice is that the jury
> may believe that the defendant has a propensity towards acting in
> conformity with a prior bad act. See Gordon v. United States, 383 F.2d
> 936, 940 (D.C. Cir. 1967) ( "[T]here is inevitable pressure on lay jurors
> to believe that if he did it before he probably did it this time."").
> Accordingly, we ask whether the admission of this conviction "ha[d]
> the potential to so prejudice the jury that its weighing of all the factual
> issues in the entire case may be impaired." Tabron v. Grace, 898
> F.Supp. 293, 296 (M.D. Pa. 1995). The fact that the . . . conviction
> stems from the same incident at issue here makes this type of prejudice
> a particular danger, and given its limited probative value, the balance
> clearly favors not admitting the conviction pursuant to Rule 403.

> In some situations, a limiting instruction, such as that given by the
> District Court, can minimize the prejudice. Here, however, we cannot
> imagine the jury being able to compartmentalize the most recent assault
> conviction—already having evidence of the other [convictions]—as
> relevant *only* to [the plaintiff's] character for truthfulness. Such mental
> gymnastics may well be beyond the ability of the common man, and
> may be more confusing than helpful to the jury in light of the
> circumstances, . . . . Jurors would be left wondering what the assault
> that relates to this § 1983 action has to do with honesty.

Id. at 273–74.

While the reasoning in Sharif is strongly suggestive of the path we should follow in the instant case when addressing the use of Walker's assault conviction for impeachment purposes, acting out of an abundance of caution, we will decline the plaintiff's invitation to wholly exclude any form of impeachment through this prior conviction in advance of trial. Instead, as to this issue we will defer any ruling until trial, thus enabling us to determine the proper scope of impeachment, the extent to which Walker is impeached by other convictions, the efficacy of any cautionary instructions, and apply the multi-factorial analysis called for by Sharif and Greenidge on the basis of a fully developed factual record.

An appropriate order follows.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANTOINE WALKER,** | : | **Civil No. 1:17-CV-2371** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **(Magistrate Judge Carlson)** |
| | : | |
| **C.O. STUDLACK,** | : | |
| | : | |
| **Defendant.** | : | |

## <u>ORDER</u>

For the reasons set forth in the accompanying Memorandum Opinion, IT IS ORDERED that the parties' motions *in limine* relating to the plaintiff's no contest plea assault conviction in this case (Docs. 117, 125), are GRANTED, in part, DENIED, in part, and DEFERRED in part as follows: The defense will not be permitted to introduce this no contest plea conviction as substantive evidence at trial. However, we will deny any request to totally preclude the defense from using this conviction for impeachment purposes at this time. Instead, we will defer a ruling on the use of the conviction for impeachment purposes until trial, when we can make an evaluation of the probative value and prejudicial effect of any such impeachment on a fully developed factual record.

*/s/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge

14

Dated:   January 26, 2022.