## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANTOINE WALKER,** | : | **Civil No. 1:17-CV-2371** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **(Magistrate Judge Carlson)** |
| | : | |
| **C.O. STUDLACK,** | : | |
| | : | |
| **Defendant.** | : | |

## MEMORANDUM OPINION AND ORDER

### I.   Factual Background

In 2017, Antoine Walker, a state inmate, filed this *pro se* prisoner civil rights lawsuit against the defendant, Correctional Officer Ralph Studlack. In his complaint, Walker alleges that Studlack violated his Eighth Amendment right to be free from cruel and unusual punishment when he indulged in the use of excessive force against Walker during a September 26, 2017 encounter between this inmate and correctional officer at SCI Coal Township. According to Walker, this use of excessive force by Studlack was the culmination of a mutual antipathy between Walker and Studlack, antipathy instigated by Studlack's alleged verbal sexual harassment of Walker.

Walker filed grievances regarding the alleged assault, in which he requested a transfer to another facility and compensation—one grievance specifically

requesting $200.00 and a television. In his complaint in this case, which he filed *pro se*, Walker requested compensatory and punitive damages for injuries he suffered, including pain and suffering. The defendant has now filed a motion *in limine* (Doc. 123) seeking to preclude the plaintiff from offering evidence of mental or emotional damages, as well as using medical records from the DOC to prove his medical expenses and treatment. The defendant contends that he was not on notice of the plaintiff's request for emotional or mental damages, and thus Walker should be precluded from seeking them. Moreover, the defendant argues that Walker has not identified a witness through whom he could introduce evidence of his medical records at trial.

For the reasons set forth below, we will deny the defendant's request to preclude the plaintiff from seeking mental and emotional damages, and further deny the request to prohibit the use of the plaintiff's medical records but reserve ruling on the relevance of this evidence until trial.

## II.   <u>Discussion</u>

The Court is vested with broad inherent authority to manage its cases, which carries with it the discretion and authority to rule on motions *in limine* prior to trial. <u>See</u> <u>Luce v. United States</u>, 469 U.S. 38, 41 n.4 (1984); <u>In re Japanese Elec. Prods. Antitrust Litig.</u>, 723 F.2d 238, 260 (3d Cir. 1983), <u>rev'd on other grounds sub nom.</u>,

Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986) (the court exercises its discretion to rule *in limine* on evidentiary issues "in appropriate cases"). Courts may exercise this discretion in order to ensure that juries are not exposed to unfairly prejudicial, confusing or irrelevant evidence. United States v. Romano, 849 F.2d 812, 815 (3d Cir. 1988). Courts may also do so in order to "narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." Bradley v. Pittsburgh Bd. of Educ., 913 F.2d 1064, 1069 (3d Cir. 1990) (citation omitted). However, courts should be careful before doing so.

In considering motions *in limine*, which call upon the Court to engage in preliminary evidentiary rulings, we begin by recognizing that these "evidentiary rulings [on motions *in limine*] are subject to the trial judge's discretion and are therefore reviewed only for abuse of discretion . . . Additionally, application of the balancing test under Federal Rule of Evidence 403 will not be disturbed unless it is 'arbitrary and irrational.'" Abrams v. Lightolier Inc. 50 F.3d 1204, 1213 (3d Cir. 1995) (citations omitted); see Bernardsville Bd. of Educ. v. J.H., 42 F.3d 149, 161 (3d Cir. 1994) (reviewing *in limine* rulings for abuse of discretion). Yet, while these decisions regarding the exclusion of evidence rest in the sound discretion of the district court and will not be disturbed absent an abuse of that discretion, the exercise of that discretion is guided by certain basic principles.

3

One of the key guiding principles is reflected in the philosophy which shapes the rules of evidence. The Federal Rules of Evidence can aptly be characterized as evidentiary rules of inclusion, which are designed to broadly permit fact finders to consider pertinent factual information while searching for the truth. The inclusionary quality of the rules is embodied in three cardinal concepts. The first of these concepts is Rule 401's definition of relevant evidence. Rule 401 defines what is relevant in an expansive fashion, stating, "relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed. R. Evid. 401. Adopting this view of relevance, it has been held that:

> Under [Rule] 401, evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." [Therefore] "[i]t follows that evidence is irrelevant only when it has no tendency to prove the fact. Thus the rule, while giving judges great freedom to admit evidence, diminishes substantially their authority to exclude evidence as irrelevant."

Frank v. County of Hudson, 924 F.Supp. 620, 626 (D.N.J. 1996) (citing Spain v. Gallegos, 26 F.3d 439, 452 (3d Cir.1994)) (quotations omitted).

This quality of inclusion embraced by the Federal Rules of Evidence is further buttressed by Rule 402, which generally defines the admissibility of relevant evidence in sweeping terms, providing that, "[a]ll relevant evidence is admissible,

except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible." Fed. R. Evid. 402.

Thus, Rule 402 expressly provides that all "[r]elevant evidence will be admissible unless the rules of evidence provide to the contrary." United States v. Sriyuth, 98 F.3d 739, 745 (3d Cir.1996) (citations omitted). These principles favoring inclusion of evidence are, however, tempered by specific rules which deem certain classes of evidence inadmissible.

### A. **Walker Will Be Permitted to Request Mental and Emotional Compensatory Damages.**

The defendant first argues that Walker has not adequately put him on notice of his intention to seek compensatory damages for mental and/or emotional injuries. This argument is twofold: first, the defendant contends that the plaintiff should be precluded from requesting such damages under Rule 37 of the Federal Rules of Civil Procedure; and second, that Walker did not adequately exhaust his claim for these specific damages. We disagree and find that the plaintiff is entitled to request these compensatory damages.

Rule 37 sanctions practice is governed by familiar legal principles. As we

have observed:

Rule 37(c)(1) provides that if a party "fails to provide information or identify a witness as required in Rule 26(a) ... the party is not allowed to use that information or witness to supply evidence ... at trial, unless the failure was substantially justified or harmless." Fed. R. Civ. P. 37(c)(1). The burden is on the non-producing party to prove substantial justification or that its failure to produce was harmless. U.S. Fire Ins. Co. v. Omnova Solutions, Inc., No. 10–1085, 2012 WL 5288783, at *2 (W.D. Pa. Oct. 23, 2012).

The Third Circuit Court of Appeals has set forth several factors for courts to consider when deciding whether the exclusion of evidence is an appropriate sanction for the delayed production of evidence: "(1) the prejudice or surprise of the party against whom the excluded evidence would have been admitted; (2) the ability of the party to cure that prejudice; (3) the extent to which allowing the evidence would disrupt the orderly and efficient trial of the case or other cases in the court; and (4) bad faith or wilfulness in failing to comply with a court order or discovery obligation." Nicholas v. Pennsylvania State University, 227 F.3d 133, 148 (3d Cir. 2000) (citing Konstantopoulos v. Westvaco Corp., 112 F.3d 710, 719 (3d Cir. 1997)). The Court has supplemented this list of factors to include: "(5) 'the importance of the excluded testimony' and (6) the party's explanation for failing to disclose." Dzielak v. Whirlpool Corp., 2017 WL 1034197, at *29 (D.N.J. Mar. 17, 2017) (citing Konstantopoulos, 112 F.3d at 719).

However, we are reminded that "the exclusion of critical evidence is an 'extreme' sanction, not normally to be imposed absent a showing of willful deception or 'flagrant disregard' of a court order by the proponent of the evidence." Meyers v. Pennypack Woods Home Ownership Ass'n, 559 F.2d 894, 905 (3d Cir. 1977) (internal citations omitted); Dzielak, 2017 WL 1034197, at *29.

6

R.D. v. Shohola, Inc., No. 3:16-CV-01056, 2019 WL 6211243, at *2 (M.D. Pa. Nov. 20, 2019).

Judged against these legal benchmarks, we conclude that the defendant is not entitled to Rule 37 sanctions in the form of precluding Walker from requesting these compensatory damages. At the outset, the plaintiff identified some three years ago in his *pro se* complaint that he was "subject[ed] [to] pain, and suffering," (Doc. 1, at 1), and that he was seeking compensatory damages because he was subjected to this pain and suffering both during the alleged assault and for a time afterward. (Id., at 6). On this score, it is well settled that "*pro se* pleadings, 'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Imhoff v. Temas, 67 F.Supp.3d 700, 704 (W.D. Pa. 2014) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). Further, it is clear that "[p]ain and suffering damages are a compensatory mechanism that can help compensate a plaintiff for mental and physical pain caused by a past attack." Leiva v. City of Trenton, 2021 WL 2722718, at *4 (D.N.J. 2021); see Consol. Rail. Corp. v. Gotshall, 512 U.S. 532, 544 (1994). Therefore, as a matter of pleading, Walker has adequately articulated a claim for pain and suffering, including emotional distress. Accordingly, we find that the plaintiff's *pro se* complaint—which identified pain and suffering as

one of the plaintiff's injuries—adequately placed the defendant on notice of a claim for mental or emotional compensatory damages.

Moreover, while the defendant contends that Walker failed to produce evidence of mental or emotional damages in discovery, we note that Walker proceeded with his case *pro se* until June of 2021, after which time the court appointed counsel to represent Walker. Counsel submits that they were not in possession of the plaintiff's discovery responses with respect to the defendant's request for discovery pertaining to the plaintiff's damages. (Doc. 141, at 9). Indeed, it appears that appointed counsel was only informed and provided a copy of the plaintiff's discovery responses on December 23, 2021. (Doc. 141-2). It was at this time that counsel for the plaintiff indicated that Walker would be relying on certain DOC documents at trial. (Id.) However, the defendant argues that any evidence relating to the plaintiff's alleged mental and emotional damages should be precluded because it was not produced by Walker in discovery.

We find the defendant's argument that he was not on notice of these damages claims unavailing, particularly where the evidence the plaintiff seeks to use in support of these damages claims is in the custody of the DOC and has been bates stamped by the defendant in the course of this litigation. (See Doc. 141-2, at 3). Accordingly, we cannot conclude that the defendant would be prejudiced by the

introduction of this evidence it has in its possession in support of a damages claim that was identified, albeit somewhat vaguely, in the plaintiff's *pro se* complaint. Therefore, Rule 37 sanctions are not appropriate, and the plaintiff will be permitted to introduce evidence to support his claim for mental and emotional damages.

The defendant further argues that the plaintiff has not adequately exhausted his claim for mental or emotional damages under the Prison Litigation Reform Act ("PLRA"), because Walker failed to specifically request mental or emotional damages in his prison grievances. Under the PLRA, prisoners are required to exhaust their administrative remedies by following the grievance procedures outlined by the prison before bringing a civil rights suit in federal court. 42 U.S.C. § 1997e(a); Booth v. Churner, 206 F.3d 289, 291 (3d Cir. 2000). This exhaustion requirement is mandatory, Williams v. Beard, 482 F.3d 637, 639 (3d Cir. 2007), and a prisoner is required to comply with all applicable grievance procedures and rules. Spruill v. Gillis, 372 F.3d 218, 231 (3d Cir. 2004). The PLRA requires not only technical exhaustion of administrative remedies, but also substantial compliance with procedural requirements. Id. at 227-32; see also Nyhuis v. Reno, 204 F.3d 65, 77-78 (3d Cir. 2000). A procedural default by the prisoner bars the prisoner from bringing a claim in federal court unless equitable considerations warrant review of the claim. Spruill, 372 F.3d at 227-32; see also Camp v. Brennan, 219 F.3d 279 (3d Cir. 2000).

Here, the defendant argues that Walker failed to exhaust his claim for mental or emotional damages because, while he sought compensatory damages in his grievance, he did not specifically request such relief in any of the grievances he filed related to this incident with C.O. Studlack. Rather, Studlack contends that Walker only requested compensation in the form of $200.00 and a television, as well as a transfer to another facility. Thus, the defense seems to assert that the $200 claim set forth in one of Walker's grievances now constitutes a cap on his recoverable damages. However, a review of the plaintiff's grievances indicate that he requested "compensation" on two occasions, one specifying $200.00 and a television and one generally requesting compensation. (Docs. 25-3, at 3, 6). In addition, one of Walker's grievances indicates that he has suffered "emotional turmoil" due to the alleged assault. (Doc. 25-2, at 3).

In this regard, we find authority from two cases in this circuit instructive. In Sides v. Pennsylvania Department of Corrections, 2020 WL 1493549 (W.D. Pa. Mar. 27, 2020), the defendants argued that the plaintiff was barred from requesting monetary damages because he had not specified a monetary amount in his grievances. Id. at *7. Thus, they contended that his claim for monetary damages was unexhausted. Id. The court disagreed and found that the plaintiff's general request for compensation in his grievances satisfied the PLRA's exhaustion requirement. Id.

The court distinguished the case from a situation in which a plaintiff fails to request monetary relief at all, noting that "DC-ADM 804 § 1.A.11.d does not require that an inmate must set forth a certain dollar amount in his grievance. It requires only that if an inmate desires compensation, he must 'request that specific relief.'" Id. (quoting DC-ADM 804 § 1.A.11.d).

This holding was taken a step further in Vo v. Wetzel, 2021 WL 6197743 (W.D. Pa. Dec. 31, 2021). In Vo, the inmate-plaintiff filed a grievance requesting the return of property that was confiscated from her by correctional staff. Id. at *2. The defendants argued that Vo had not requested compensation as a form of relief, and thus was precluded from seeking compensatory and punitive damages in her civil case. Id. at *6-7. They further contended that if Vo was entitled to request monetary relief, she was limited to the amount of the value of confiscated property listed in her grievance. Id. at *7. The court first recognized that, although Vo did not use the term "compensation" in her grievance, it was clear by her request to be "made whole" that she was requesting financial compensation. Id. at *7. The court further held that Vo was not limited to requesting the amount of the damaged property that could not be returned to her. Id. Relying on Sides, the court found that Vo only needed to comply with the DOC's grievance procedure by requesting compensation generally, rather than setting forth a specific monetary amount, noting that:

11

> DOC policy requires only that an inmate who seeks financial compensation include that request in the grievance, not that the inmate request a specific dollar amount. <u>See</u> DC-ADM 804, § 1(A)(11)(d). The Court cannot on this basis limit Vo's request for compensatory damages because the PLRA only requires that inmates comply with the terms of their prison's available administrative grievance process. <u>See</u> <u>Sides v. Pennsylvania Dep't of Corr.</u>, 2020 WL 1493549, at *7 (W.D. Pa. Mar. 27, 2020) (grievance need not "set[ ] forth a specific dollar amount"). Vo has done so as to her claim for money damages.

<u>Id.</u>

We find these decisions persuasive and conclude that Walker has exhausted his administrative remedies as to his damages claims. Contrary to the defendant's assertion, Walker is not limited to any specific dollar amount of compensation he requested in his prison grievance. Nor is he precluded from requesting compensatory damages for mental or emotional distress. Rather, Walker has exhausted his administrative remedies because he complied with the DOC's grievance procedure, which simply requires that he request compensation generally.

Accordingly, because we have found that Rule 37 sanctions are inappropriate and that Walker has exhausted his administrative remedies with respect to his damages claims, we will deny the defendant's request to exclude evidence of mental or emotional damages.

## B. <u>Walker Will Be Permitted to Seek Compensatory Damages for his Copays.</u>

The defendant next argues that Walker should not be permitted to seek

12

damages to recover his medical expenses. For his part, the plaintiff contends that he will be seeking approximately $100.00 as part of his request for compensatory damages based on the copays he was required to pay for treatment. After consideration, for the same reason we will allow Walker to seek monetary damages in general, we will allow Walker to present evidence related to his claim for the copays he paid for treatment.

As we have noted with respect to the request for compensatory damages, Walker was not required under the PLRA to request a specific amount of monetary relief in order to have exhausted his claims at the administrative level. Nor was he required to specifically request to be compensated for his medical expenses. We thus find the defendant's argument on this score unpersuasive. In addition, as we have explained, the documents the plaintiff intends to rely on to prove these damages are readily available to the defendant.

The defendant argues that Walker has not identified an individual with sufficient knowledge to introduce these medical records at trial. However, Walker has indicated that he is willing to subpoena the custodian of these records to identify and authenticate them at trial. See Fed. R. Evid. 901(a). Accordingly, we will not prohibit the plaintiff from introducing these records on the basis that these records must be authenticated, as the plaintiff has established he will authenticate them

through a records custodian.

To the extent the defendant wants to contest the relevancy of these medical records prior to trial, we are reminded that "*pretrial* Rule 403 exclusions should rarely be granted. . . . [A] court cannot fairly ascertain the potential relevance of evidence for Rule 403 purposes until it has a full record relevant to the putatively objectionable evidence." In re Paoli R.R. Yard PDB Litig., 916 F.2d 829, 859 (3d Cir. 1990) (emphasis in original); see e.g., Vanderhoff v. City of Nanticoke, 2021 WL 4975080, at *5 (M.D. Pa. Oct. 26, 2021) (deferring a ruling on a motion *in limine* to preclude evidence because "the context of trial will provide more clarity on the questions of relevancy, potential prejudice, and the purpose for which evidence is offered"); Crestwood Membranes, Inc. v. Constant Servs., Inc., 2018 WL 493257, at *3 (M.D. Pa. Jan. 19, 2018) (same). Accordingly, we will defer a ruling on the exclusion of this evidence until trial, where we can make a more fully informed judgment on questions of relevance, potential prejudice, and the purpose for which the evidence will be offered.

In sum, we find that the plaintiff has adequately put the defendant on notice of his claim for mental or emotional damages, and that Rule 37 discovery sanctions are inappropriate. We further find that the plaintiff can introduce Walker's medical records, authenticated either by stipulation or a custodian of records, to prove his

damages claims. Thus, we will permit the plaintiff to introduce evidence of the mental or emotional damages, as well as compensation for his copays, as part of his claim for compensatory damages, but will reserve ruling on the relevancy and ultimate admissibility of these documents until trial.

An appropriate order follows.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANTOINE WALKER,** | : | **Civil No. 1:17-CV-2371** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **(Magistrate Judge Carlson)** |
| | : | |
| **C.O. STUDLACK,** | : | |
| | : | |
| **Defendant.** | : | |

## ORDER

For the reasons set forth in the accompanying Memorandum Opinion, with respect to the Defendant's Motion *In Limine* which seeks the exclusion of certain evidence and claims for damages, (Doc. 123), IT IS ORDERED that the motion is DENIED, in part, and DEFERRED in part as follows: Specifically, we will deny the motion with respect to the request to prohibit the plaintiff from introducing evidence to prove compensatory damages, including mental or emotional damages as well as certain medical expenses, but defer ruling upon the relevance of such evidence until trial.

*/s/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge

Dated: February 2, 2022.

16